CULPEPPER, Judge.
This is a petitory action. The plaintiffs, Lafayette Parish Police Jury and Walter S. Gordon, Jr., contend they are the owners of adjoining tracts of land abutting a common boundary line which runs from a public road on the southeast a distance of about 300 feet to Vermilion River (sometimes referred to as a bayou) on the northwest. The defendant, Lloyd T. Perroncel, possesses and claims ownership of an ir *153 regular strip of land fronting approximately 76 feet on the public road on the southeast and running back approximately 300 feet to the Vermilion River on the northwest. The defendant contends this strip of land lies between the properties of the two plaintiffs. The defendant, Lafayette Building Association, holds a vendor’s lien and mortgage on the Perroncel property. From an adverse judgment, the defendants appeal.
The issue is whether the lands owned by the two plaintiffs actually abut each other or whether there is a strip of land between the properties of the two plaintiffs to which the defendant has title.
The record shows that all of the properties in dispute were once owned by J. A. Roy, whose heirs were placed in possession in 1940. In 1941 the Roy heirs sold 596 acres to the Lafayette Parish Police Jury for use as an airport, the property being shown on a plat of survey by V. E. Smith, dated November 21, 1941. The boundary line in dispute here is shown on the V. E. Smith plat as running from a public road on the southeast to the Vermilion River on the northwest, a distance of about 300 feet, and separating the 596-acre tract acquired by the Police Jury from a small tract of land between the river and the road retained by the Roy heirs. It is the northeast boundary line of this retained tract, abutting the 596-acre tract sold to the Lafayette Parish Police Jury, which is in dispute.
By certain sales in 1941 and an act of partition in 1942 amongst the widow and heirs of J. A. Roy, J. Máxime Roy acquired a tract described as Lot 1 of the partition, containing 5.76 acres. Lot 1 is described in part as “being bounded northeasterly by old Beau Sejour public road, now abandoned, southerly by Lot 2, hereinafter described, northwesterly and westerly by Bayou Vermilion and easterly by said public graveled road, separating this tract of land from property of Lafayette Parish.” The said Lot 1 containing 5.76 acres is shown on a plat by D. L. Reid, dated February 10, 1942, referred to in the partition, as bounded on the northeast by the “Airport Property” of the Lafayette Parish Police Jury.
J. Máxime Roy sold off small tracts out of Lot 1. In 1954 he sold to Robert D. Lowe the west portion of Lot 1. Then, in 1955 J. Máxime Roy sold to Pierre W. Young the east portion of Lot 1, the property conveyed being described in part as “bounded northeast by property of the Lafayette Parish Airport, northwest by Vermilion River, southwest by property of Robert D. Lowe and southeast by said public road.” In 1960 Pierre W. Young sold this same property to the plaintiff, Walter S. Gordon, Jr., by essentially the same description. It is particularly noted that this property is described as being bounded “northeast by property of the Lafayette Parish Airport”.
Then in 1960, J. Máxime Roy sold to James J. Roy another strip of land out of Lot 1. This strip is described as being shown on an attached plat by Fred S. Col-omb, dated March 23, 1960, and being bounded “Northeasterly by Lafayette Parish Airport property; southeasterly by public road and/or Lafayette Parish Airport property; southwesterly by Pierre W. Young, and northwesterly by Vermilion River.” James J. Roy sold this same property to Lloyd T. Perroncel in 1962. This is the deed on which the defendant, Per-roncel, relies.
Of course, it is apparent that if the property sold by J. Máxime Roy to Pierre W. Young in 1955, and later acquired by the plaintiff, Walter S. Gordon, Jr., in 1960, is bounded on the northeast by the Lafayette Airport property, then- J. Máx-ime Roy did not retain the ownership in any intervening strip of land to which he could have conveyed good title to James J. Roy in 1960.
The legal principle which is determinative of this litigation is LSA-C.C. Article 854, which reads as follows:
“If any one sells or alienates a piece of land, from one fixed boundary to anoth *154 er fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land tharj is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.
The district judge has correctly summarized the facts and the law in the following portion of his opinion which we adopt as our own.
“Much ado is made by counsel for defendant about various plats of surveys which defendant contends cannot be reconciled, and relies upon a survey by one Fred Colomb, wherein Mr. Colomb finds a distance of seventy-six feet remaining between the property now owned by Walter S. Gordon and the property on the Northeast of the Lafayette Parish Police Jury. However, the Court feels that the instant case must be decided upon the boundaries as called for in the deed from Roy to Young, and from Young to Gordon, rather than from the surveys.
“The Third Circuit Court of Appeal, in the case of Sagrera vs. Mouton, 180 So. 2nd 775, listed the order of importance of value of various calls included in a description and they are as follows:
“(1) Natural monuments,
“(2) Artificial monuments,
“(3) Distances,
“(4) Courses, and
“(5) Quantity.
“All of the jurisprudence of the State of Louisiana dealing with boundary questions has been to the effect that the interpretation to be given Article 854 of the Louisiana Civil Code, is that in a sale by Metes and Bounds, the Metes and Bounds will govern over measurement and quantity, and that when a person sells by fixed boundaries, the purchaser acquires all of the property within these boundaries irregardless of the quantity, called for and even though, in so doing, he will receive an excess of property of that described in the instrument.
“In the instant action, certainly the boundaries set forth in the deed from J. Máxime Roy to Pierre W. Young are clear, and it is the considered opinion of this Court that J. Máxime Roy, in conveying the property to Pierre W. Young, intended to sell to Pierre W. Young all of the property owned by Mr. Roy between the property which he had sold previously to Mr. Robert D. Lowe and the property on the Northeast, owned by the Lafayette Police Jury. Any other interpretation would be in conflict with Article 854 and the line of jurisprudence which has built up in interpretation of that article.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Affirmed.